UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. LYLES,

        Petitioner,                        Hon. Richard Alan Enslen

v.                                                 Case No. 1:04-CV-130

PAUL RENICO,

        Respondent.
_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Lyles' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Lyles' petition be **denied**.


**BACKGROUND**

        Fifteen year old A.M. testified at a preliminary examination that she had been sexually assaulted by Petitioner. (Preliminary Hearing Transcript, December 22, 2000, 3-10). Accordingly, Petitioner was bound over for trial on charges of first degree criminal sexual conduct. *Id.* at 21-22. Petitioner was also charged with being a fourth offense habitual offender. (Plea Transcript, March 27, 2001, 3). The penalty for being convicted of this latter charge was "imprisonment for life or a lesser term." Mich. Comp. Laws § 769.12.

Petitioner subsequently decided to enter into a plea agreement. (Plea Transcript, March 27, 2001, 3-5). Pursuant to the terms of the agreement, Petitioner agreed to plead no contest to the crime of third degree criminal sexual conduct. Petitioner also agreed to be sentenced as a second offense habitual offender (which did not carry with it the potential for a sentence of life in prison). In return, the prosecution agreed to dismiss the charge of first degree criminal sexual conduct and to not seek to have Petitioner sentenced as a fourth offense habitual offender. The prosecution also agreed that Petitioner's minimum sentence would not exceed 10 years in prison. *Id.* The trial court accepted Petitioner's no contest plea to the charge of third degree criminal sexual conduct, as well as the other provisions of the plea agreement. *Id.* at 13-19. Petitioner was sentenced to serve 10-22.5 years in prison. (Sentencing Transcript, May 7, 2001, 7-8).

On May 3, 2002, Petitioner moved in the trial court for post conviction relief. Specifically, Petitioner asserted that because his sentencing guideline score was incorrectly calculated he was entitled to be resentenced. Petitioner also asserted that his trial counsel rendered ineffective assistance by failing to object to the errors in his sentencing guideline score. The trial court denied Petitioner's motion on the following grounds: (1) the motion was untimely; (2) Petitioner's sentence - despite the calculation errors - was nonetheless within the appropriate guidelines range; and (3) "[e]ven if defense counsel had objected to the improper scoring of the guidelines at sentencing, the same sentence would have been imposed." *People v. Lyles*, No. 00-45488-FC, Opinion (Muskegon County Cir. Ct., May 22, 2002).

Petitioner filed in the Michigan Court of Appeals a delayed application for leave to appeal in which he asserted the following issues:

> I.   The trial court's denial of Defendant-Appellant's motion for resentencing was clearly erroneous.

> II. Although the lower court determined it would have imposed the same sentence, it clearly erred in finding defense counsel's failure to object to the legally incorrect guidelines before or at sentencing was not ineffective assistance.

The court denied Petitioner's request for leave to appeal. *People v. Lyles*, No. 241896, Order (Mich. Ct. App., July 22, 2002). Asserting the following issues, Petitioner moved the Michigan Supreme Court for leave to appeal:

> I. The court of appeals erred in finding a "lack of merit" in Defendant-Appellant's claim that the trial court's denial of his motion for resentencing was clearly erroneous.
>
> II. The court of appeals erred in finding a "lack of merit" to Defendant-Appellant's claim that defense counsel's failure to object to the legally incorrect guidelines before or at sentencing was not ineffective assistance.

The court denied Petitioner's request for leave to appeal. *People v. Lyles*, No. 122145, Order (Mich., January 31, 2003). On February 24, 2004, Petitioner initiated the present action in which he asserts the following claims:

> I. Petitioner's due process rights were infringed under the 14th Amendment when Michigan erroneously misscored him under its state sentencing guidelines and in the course of so doing, considered and actually relied on in imposing sentence, materially false and/or inaccurate information.
>
> II. Petitioner's due process rights under the 6th and 14th Amendments were infringed where defense counsel was constitutionally ineffective for failing to object, hence preserve for appellate review, the State of Michigan's erroneous scoring of its state sentencing guidelines, such omissions being the result of deficient performance, as there can be no legitimate strategy why not to object, and prejudicial, as without such omissions there would have stood a reasonable likelihood of a different sentence being imposed.

## **STANDARD OF REVIEW**

Lyles' petition, filed, February 24, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that

it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360

(6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

**I.**     **Sentencing Claim**

Petitioner asserts that the sentencing judge "considered and actually relied on" inaccurate information when imposing sentence thus violating Petitioner's due process rights.

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come").

As the *Watts* Court further observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the

defendant's life and circumstances." *Watts*, 519 U.S. at 151-52.  Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted); *Collins v. Buckhoe*, 493 F.2d 343, 345 (6th Cir. 1974) (citations omitted).

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief.  *Roberts*, 445 U.S. at 556 (citations omitted).  To prevail on a claim that he was sentenced on the basis of such misinformation, Petitioner must establish that "the disputed information was materially false and that the trial court relied on the information."  *United States v. Andrews*, 240 F.Supp.2d 636, 638 (E.D. Mich. 2003) (quoting *Buckhoe*, 493 F.2d at 345-46).

The prosecution conceded that Petitioner's sentencing guideline score was incorrectly calculated.  (Motion Hearing, May 20, 2002, 8).  However, Petitioner has presented no evidence that the sentencing judge relied on the inaccurate information when imposing sentence.  In fact, as previously noted, the judge stated that "[e]ven if defense counsel had objected to the improper scoring of the guidelines at sentencing, the same sentence would have been imposed."  Petitioner has presented no evidence countering this clear statement by the sentencing judge that he did not rely on the inaccurate information at issue.  The sentence which Petitioner received was well within the *properly scored* sentencing guidelines and was entirely consistent with the terms of his plea agreement.  Thus, this claim raises no issue on which habeas relief may be granted.

**II.          Ineffective Assistance Claim**

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to object to the inaccuracies contained in his sentencing guidelines report.

To establish that counsel's performance was constitutionally deficient, Petitioner must first establish that his counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, it must be demonstrated that counsel's actions were unreasonable under prevailing professional norms. *Id.* at 688.

Petitioner must further demonstrate, however, that he suffered prejudice as a result of his attorney's deficient performance. *See Id.* at 687; *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so <u>manifestly</u> ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993) (emphasis in original); *see also, West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

While the Court agrees with Petitioner that counsel's failure to object to the inaccuracies in Petitioner's sentencing guidelines score constituted deficient performance, Petitioner has failed to demonstrate that he suffered any prejudice as a result thereof. As previously observed, the sentencing judge expressly stated that "[e]ven if defense counsel had objected to the improper scoring of the guidelines at sentencing, the same sentence would have been imposed." Thus, this claim raises no issue on which habeas relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Lyles' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  October 5, 2006                                            /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge