UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL J. LYLES,

      Petitioner,

Case No. 1:04-CV-130

v.

Hon. Richard Alan Enslen

PAUL RENICO,

**<u>FINAL ORDER</u>**

      Respondent.

_____/

      Petitioner Michael J. Lyles has filed Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of October 5, 2006. The Court now reviews the Report, Objections and pertinent parts of the record *de novo*. *See* 28 U.S.C. § 636(b)(1)(B).

      Upon such review, the Court determines that the Objections should be denied and the Report adopted for the reasons given at length in the Report. Petitioner has not shown "cause" and "prejudice" within the meaning of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He asks in his Objections for "specific enforcement" of the plea agreement; however, the record does not suggest that he received a sentence other than an allowable sentence under the plea agreement, *i.e.,* the *minimum* sentence of ten years was consistent with the plea agreement. Further, any error in the original sentencing process (i.*e.*, guideline calculation) is not of constitutional magnitude (*see Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996)), and did not adversely affect Petitioner's sentence as determined by the Magistrate Judge and the sentencing judge.

      Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).

Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. The Court has reviewed the two grounds asserted (sentencing error and ineffective assistance of counsel) individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to either ground because there is no factual basis for the claims asserted and controlling case law forbids relief. Therefore, a certificate will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Michael J. Lyles' Objections (Dkt. No. 23) are **DENIED**, the Report and Recommendation of October 5, 2006 (Dkt. No. 22) is **ADOPTED**, and the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to both grounds asserted in the Petition.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
October 30, 2006  Richard Alan Enslen
  Senior United States District Judge